792

■ In the Matter of Quaker Ridge Building Supply Corp. et al., Appellants, v. Marvin L. Levitt et al., Constituting the Board of Appeals on Zoning of the City of New Rochelle, Respondents.— In a proceeding pursuant to article 78 of the CPLR, petitioners (1) appeal from a judgment of the Supreme Court, Westchester County, dated November 15, 1968, which dismissed the petition, and (2) further appeal, as limited by their brief, from so much of a second judgment of said court, dated November 18, 1968, as, on reargument, adhered to the original determination. Appeal from judgment dated November 15, 1968 dismissed, without costs. That judgment was superseded by the judgment dated November 18, 1968. Judgment dated November 18, 1968 affirmed insofar as appealed from, with $10 costs and disbursements. No opinion. Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.

■ In the Matter of Nanning Schult, Petitioner, v. New York State Liquor Authority, Respondent.— Determination of respondent, dated June 19, 1969, modified, on the law, by reducing the cancellation of petitioner's off-premises beer license to suspension of three months, the commencement date thereof to be determined by respondent. As so modified, determination confirmed, without costs (Matter of Papoutsis v. State Liq. Auth., 32 A D 2d 284). Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.

■ James McShan, Respondent, v. Dilbert's Quality Supermarkets, Inc., et al., Appellants.— In a negligence action to recover damages for personal injuries, which action was automatically dismissed pursuant to CPLR 3404, defendants appeal from an order of the Supreme Court, Kings County, dated March 3, 1969, which granted plaintiff's motion to open his default, vacate the dismissal and restore the action to the Trial Calendar. Order reversed, on the law and the facts, with $10 costs and disbursements, and motion denied. In support of plaintiff's motion to be relieved of his default in failing to appear at a pretrial calendar call, which default eventually resulted in an automatic dismissal under CPLR 3404, an attorney associated with plaintiff's attorney alleged that the default resulted from the fact that the action was being followed in their firm's " suit record " book under a former calendar number, since a subsequently assigned new calendar number had never been entered in this book. In our view such an excuse is insufficient (cf. Chicollo v. New York City Housing Auth., 31 A D 2d 546; Filippi v. Grand Union Co., 30 A D 2d 532; Goldberg v. Soifer, 30 A D 2d 533; Tepperman v. Peri, 29 A D 2d 893; Renne v. Roven, 29 A D 2d 866). Nor is this a case where the presumption of abandonment under CPLR 3404 is rebutted by a conclusive showing that plaintiff never intended to abandon the action (see Marco v. Sachs, 10 N Y 2d 542; Boyle v. Krebs & Schulz Motors, 18 A D 2d 1010; Tactuk v. Freiberg, 24 A D 2d 503; Blau v. Levine, 28 A D 2d 1137). Beldock, P. J., Christ, Brennan, Rabin and Kleinfeld, JJ., concur.

■ The People of the State of New York, Respondent, v. Douglas F. (Anonymous), Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered May 23, 1969, adjudging him a youthful offender, after a nonjury trial, and imposing sentence. Judgment reversed, on the law, and new trial before a jury ordered (People v. Michael A. C. [Anonymous], 32 A D 2d 554; People v. Jerome C. [Anonymous], 32 A D 2d 840). The findings of fact below are affirmed. Beldock, P. J., Christ, Benjamin, Munder and Martuscello, JJ., concur.